IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE JONES, | ) | |
| Plaintiff, | ) | 8:05cv149 |
| vs. | ) | MEMORANDUM AND ORDER |
| DOUGLAS COUNTY, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on (1) filing no. 10, the Motion to Amend the Complaint, filed by the plaintiff, Willie Jones; (2) filing no. 15, the plaintiff's Motion to call witnesses; (3) filing no. 17, the defendants' Motion to Dismiss; and (4) filing no. 20, the plaintiff's Objection to the Motion to Dismiss. In his complaint and supplements, the plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that corrections officers at the Douglas County Correctional Center ("DCCC") threatened and harassed him, used racially derogatory language, and endangered his safety by statements made in front of other inmates. Other than offering him protective custody, DCCC personnel did nothing to help the plaintiff, and the County failed to supervise, train or control the behavior of the guards at DCCC.

### Exhaustion of Administrative Remedies

Among other grounds, the defendants move for dismissal of the complaint on the basis of 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") which requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance process, including any appeals which are part of the grievance process, before filing this lawsuit, the plaintiff's claims are subject to dismissal without prejudice. See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory"); Booth v. Churner, 532 U.S. 731, 733-34 (2001) (exhaustion is mandatory). See also Lyon v. Del Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002):

> The Prison Litigation Reform Act of 1996 (PLRA) amended 42 U.S.C. § 1997e(a) to require that inmates who have civil rights claims must first exhaust all administrative remedies before bringing an action under § 1983. See Booth v. Churner, 532 U.S. 731, 733-34 ... (2001). This is true even though relief of the sort that the plaintiff is seeking is not available through the administrative procedures that are available. Id. at 737-41....

Completion of the grievance process is necessary even after a plaintiff has suffered harm and even when the grievance is too late to prevent harm. Thomas v. Woolum, 337 F.3d 720, 733-35 (6th Cir. 2003). Thus, exhaustion of administrative remedies is required even when a prisoner believes, perhaps even with reason, that filing grievances will lead to no relief.[1]

---

[1] Also, because the plaintiff filed this action while he was a prisoner, the PLRA bars the plaintiff from recovery of damages for any kind of mental anguish or emotional distress arising from prison conditions unless the plaintiff also suffered a physical injury. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

2

In support of their Motion to Dismiss, the defendants include the DCCC *Inmate Rules and Regulations Handbook*. Chapter XI, §§ 11.1, *et seq.* of the *Handbook* informs inmates at DCCC of the institution's grievance procedures and establishes a two-step exhaustion process. After the initial formal grievance contemplated by section 11.2.A of the Handbook ("step one grievance"), an investigation ensues, and a written response or decision is supposed to follow within ten working days of receipt of the grievance. Id. § 11.1.E. The second, and final, step of the process is an appeal to the Chief Deputy of Corrections ("step two grievance"), as set forth in section 11.2.C of the *Handbook*. Thereafter, if the inmate disagrees with the Chief Deputy's disposition of the appeal, section 11.2.D of the *Handbook* authorizes the inmate to pursue other remedies outside the facility such as litigation.

The plaintiff has established that he filed a step one grievance in March of 2005 (filing no. 23). However, he did not submit his step two grievance (filing no. 25), i.e., an appeal from the initial grievance, until June 29, 2005, several months after he had filed his complaint in this court during April of 2005.

Dismissal is required when an inmate has not exhausted administrative remedies as to all claims *before* filing a lawsuit. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). "Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." Id.

However, a dismissal pursuant to 42 U.S.C. § 1997e(a) is without prejudice. Castano v. Nebraska Dept. of Corrections, 201 F.3d 1023, 1025 (8th Cir.), cert. denied, 531

3

U.S. 913 (2000). Thus, a former prisoner, once released from custody, may file the same case as a nonprisoner, but without the exhaustion requirement and the restriction on damages for emotional distress. The PLRA does not apply to a plaintiff who is a nonprisoner when the complaint is filed, even if the complaint deals with matters which occurred during imprisonment. In addition, nonprisoners who receive in forma pauperis status ("IFP") are relieved of any obligation for the court's filing fee, unlike prisoner plaintiffs proceeding IFP, who must pay the fee in installments.

THEREFORE, IT IS ORDERED:

1. That filing no. 17, the defendants' Motion to Dismiss, is granted;

2. That the plaintiff's complaint and this action are dismissed without prejudice;

3. That all other pending motions are denied as moot; and

4. That a separate judgment will be entered accordingly.

DATED this 5th day of December, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge